UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LLOYD WEYSHAM, | * | CIVIL ACTION |
|     PETITIONER | * | |
| | * | NO. 26-cv-0847 |
| VERSUS | * | |
| | * | SECTION "P" (5) |
| TRAVIS DAY, WARDEN, | * | |
|     RESPONDENT | * | |

## RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF

### OVERVIEW

Lloyd Weysham is a state prisoner in the custody of the Louisiana Department of Corrections who is housed at the Rayburn Correctional Center. He is serving a fifty-year sentence as a result of his conviction for sexual battery of a child under the age of thirteen (La. R.S. 14:43.1). Weysham has petitioned this Court for a writ of habeas corpus, contending his incarceration is in violation of his rights under the United States Constitution.

Because Weysham's petition is untimely, the Court should dismiss the petition with prejudice and otherwise deny relief.

# TABLE OF CONTENTS

OVERVIEW..........................................................................................................................1

PRELIMINARY MATTERS................................................................................................3

PROCEDURAL HISTORY...................................................................................................4

      1.      Proceedings in the state courts.....................................................................4

      2.      Proceedings in this court..............................................................................7

TIMELINESS........................................................................................................................8

      1.      The one-year period of limitations commenced to run on
            April 14, 2018...............................................................................................8

      2.      The one-year period of limitations expired on April 14, 2019................9

      3.      The habeas corpus petition was filed October 31, 2025..........................9

      4.      The petitioner shows no basis for excusing his non-compliance
            with the period of limitations.......................................................................9

RESERVATION OF RIGHTS.............................................................................................10

CONCLUSION AND PRAYER...........................................................................................11

CERTIFICATE OF SERVICE............................................................................................11

## **PRELIMINARY MATTERS**

**1.     Custody.**

The respondent does not dispute that the petitioner is in custody.

**2.     The state court record.**

The respondent has filed, along with this Response, the complete state court record which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

**3.     The facts of the case.**

Because the petitioner pleaded guilty, the facts are not set forth in the state court record.

**4.     The petitioner's claims.**

The claims raised in the habeas petition are not pertinent to the resolution of his petition.

## PROCEDURAL HISTORY

1.  **Proceedings in the state courts.**

The proceedings in the state court are summarized in timeline form to facilitate the calculation of AEDPA's one-year period of limitations.

A.  **Proceedings leading to conviction and sentence.**

| | | |
|---|---|---|
| August 24, 2017 | A St. Tammany Parish grand jury indicts the petitioner for the offense of first-degree rape (La. R.S. 14:42). | SCR, Vol. 1, pp. 1, 10. |
| March 14, 2018 | The indictment is amended; the defendant pleads guilty to sexual battery, victim under thirteen years of age (La. R.S. 14:43.1). The trial court sentences the defendant to serve fifty years at hard labor. | SCR, Vol. 1, pp. 5, 47, 58-74. |

B.  **Direct review.**

The petitioner reports that he did not appeal, and a review of the record confirms this. Rec. Doc. 1, pg. 2 (answer to Question 8).

### C.   Collateral review.

The petitioner filed two applications for post-conviction relief, as follows.

*i.*

| March 6, 2020 | The petitioner submits his first application for post-conviction relief to the state district court. | SCR, Vol. 1, pp. 76-81.[1] |
|---|---|---|
| March 16, 2020 | The state district denies relief summarily. | SCR, Vol. 1, pg. 78. |
| May 1, 2020 | The clerk mails a copy of the trial court's ruling to the petitioner. | SCR, Vol. 1, pg. 82. |

The petitioner did not seek supervisory review of the denial of his first application for post-conviction relief.

*ii.*

In March 2024, the petitioner began correspondence with the clerk of court which by mail which led to the filing of his second application for post-conviction relief:

- By letter dated March 19, 2024, the petitioner requested "a copy of the minutes showing the polling of the grand jury in open court once they found a true bill on the rape." SCR, Vol. 1, pg. 83.

- The state district court, on April 1, 2024, issued an order directing the clerk of court to provide the petitioner with "one free copy of the bill(s) of information or grand jury indictment; and one free copy of the minutes of the return of the grand jury in open court." SCR, Vol. 1, pg. 86.

- The state district court clerk, on April 16, 2024, mailed to the defendant

---

1   The application was stamped as received by the clerk of court on March 11, 2020 (SCR, Vol.1 , pg. 80). The application itself was signed by the petitioner on March 6, 2020 (SCR, Vol. 1, pg. 78).

The respondent uses the March 6, 2020 date by assuming that the petition was delivered to prison authorities for mailing on the same day that it was signed. See *Mohamed v. Smith*, 2015 WL 5774039, at *4 n. 5 (E.D. La. 2015) (Engelhardt, J.).

"a copy of the bill of information" [sic].[2] SCR, Vol. 1, pg. 87.

- The petitioner sent another letter to the clerk stating ""the information you forwarded to me dated April 16, 2024 did not have any minutes whatsoever attached … so I take it, you do not have any minutes whatsoever." The petitioner also requested a cost estimate for the "the grand-jury transcript [sic][3] of the return into open court." SCR, Vol. 1, pg. 88.

Shortly thereafter, the petitioner filed his second application for post-conviction

relief:

| April 30, 2024 | The petitioner submits his second application for post-conviction relief to the state district court. | SCR, Vol. 1, pp. 90-111[4] |
|---|---|---|
| May 29, 2024 | The state district dismisses the application without prejudice because the petitioner failed to use the right form to present his claim. | SCR, Vol. 1, pg. 113 |
| June 19, 2024 | The petitioner re-submits his claim using the proper form. | SCR, Vol. 1, pp. 115-165 |
| June 25, 2024 | The district court orders the district attorney to file an answer. | SCR, Vol. 1, pg. 132 |
| July 24, 2024 | The district attorney answers the application for post-conviction relief. | SCR, Vol, 1, pp. 170-172 |
| August 2, 2024 | The petitioner files a written response to the district attorney's answer. | SCR, Vol. 1, pp. 182-185 |
| August 16, 2024 | The district court denies the application for post-conviction relief. | SCR, Vol. 1, pp. 186-187 |
| August 24, 2024 | The petitioner files a notice of intent to seek supervisory review. | SCR, Vol. 1, pp. 195-197 |

2  The clerk was likely referring to the indictment, since the prosecution was not instituted by bill of information.

3  The petitioner appears to be referencing La. C.Cr.P. art. 383, which defines "indictment" as "a written accusation of crime made by a grand jury" and which states that "indictments shall be returned into district court in open court." Strictly speaking, this would not be a "grand jury transcript."

4  The application was stamped as received by the clerk of court on May 2, 2024 (SCR, Vol.1 , pg.

| September 11, 2024 | The petitioner timely applies to the Louisiana First Circuit Court of Appeal for supervisory review of the denial of post-conviction relief. | SCR, Vol. 2, pp. 4-11. |
|---|---|---|
| December 4, 2024 | The Louisiana First Circuit denies the defendant's writ application. *State v. Weysham*, 24-0871 (La. App. 1 Cir. 12/04/14), 2014 WL 4976356. | SCR, Vol. 1, pp. 1-2. |
| December 17, 2024 | The petitioner files with the Louisiana Supreme Court a "Motion Requesting An Extension of Time to File Writ Application." It is construed as a writ application and is docketed as case number 24-KH-1567. | SCR, Vol. 3, pp. 3-20; SCR, Vol. 1, pp. 202-203. |
| January 7, 2025 | The petitioner supplements his writ application with the Louisiana Supreme Court. | SCR, Vol. 3, pp. 21-61; see also SCR, Vol. 1, pp. 204-205; SCR, Vol. 4. |
| February 28, 2025 | The Louisiana Supreme Court denies relief as follows: "Denied. The application was not timely filed in the district court, and applicant fails to carry his burden to show that an exception applies." *State v. Weysham*, 24-1567 (La. 2/28/25), 402 So.3d 480. | SCR, Vol. 3, pp. 1-2. |

## 2.      Proceedings in this court.

The petitioner sought habeas corpus relief in this Court by petition dated October 31, 2025. Rec. Doc. 1, pg. 15.

<u>TIMELINESS</u>

The respondent submits that the habeas petition is time-barred.

**1.     The one-year period of limitations commenced to run on April 14, 2018**

A petitioner must file a habeas corpus petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[5]

The "judgment" is the sentence imposed by the court. *Scott v. Hubert*, 635 F.3d 659 (5th Cir. 2011).

Here, the pertinent sentence was imposed on <u>March 14, 2018</u> (SCR, Vol. 1, pp. 5, 47, 71-72). The petitioner then had thirty days—that is, until April 13, 2018—to either seek reconsideration of the sentence or to move for appeal the sentence. La. C.Cr.P. art. 881.1(A)(1); La. C.Cr.P. art. 914(B)(2). He did neither. The time for seeking direct review therefore expired on April 13, 2018.

The one-year period of limitations commenced to run the next day, <u>April 14, 2018</u>. F.R.C.P. Rule 6(a); *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).

In order for the instant habeas corpus petition to be timely, the petitioner had to file it on or before <u>April 14, 2019</u> unless the one-year period was extended through tolling.

---

5   There are exceptions to this general rule, but none apply here.

### 2. The one-year period of limitations expired on April 14, 2019.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "pending" from "the day it is filed through (and including) the day it is resolved." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009).

A review of the district court record shows that the petitioner did not file an application for State post-conviction or other collateral review (or anything else) on or before April 14, 2019.

He did file a number of pleadings, but the first such pleading was not filed until March 6, 2020 (SCR, Vol. 1, pp. 76-81). Those pleadings did not and could not toll the period of limitations because the period of limitations had already expired.

### 3. The habeas corpus petition was filed October 31, 2025.

The instant habeas corpus petition was filed <u>October 31, 2025</u> (Rec. Doc. 1). It was not timely filed because October 31, 2025 is not on or before <u>April 14, 2019</u>.

### 4. The petitioner shows no basis for excusing his non-compliance with the period of limitations.

Equitable tolling of the one-year period of limitations is warranted when petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (citation omitted). There is no basis for

concluding that either of these things occurred in this case.

The one-year period of limitations may also be bypassed upon a showing of actual innocence based upon "new reliable evidence" that was "not presented at trial." *See, e.g., Floyd v. Vannoy*, 894 F.3d 143, 154-155 (5th Cir. 2018). The petitioner has presented no new evidence in support of a claim of factual innocence. He necessarily fails to make the showing necessary to authorize the Court to bypass the statute of limitations.

\* \* \*

Weysham's habeas corpus petition was filed October 31, 2025 (§ 3, above). The period of limitations, however, expired on April 14, 2019  (§§ 1-2, above) and no exception to the period of limitations applies (§ 4, above). The habeas corpus petition is therefore untimely.

<u>RESERVATION OF RIGHTS</u>

The respondent asserts that the petition should be dismissed because his petition is untimely. Accordingly, the respondent does not address the issues of exhaustion, or procedural default, or the merits of the petitioner's claims. However, the respondent does not expressly waive any procedural objections or defenses and would respectfully reserve the right to submit additional documentation, procedural objections, defenses, and/or argument on the merits should this Court order additional briefing.

CONCLUSION AND PRAYER

For the reasons explained above, the habeas corpus petition is untimely.

Respondent therefore respectfully requests that this Court dismiss the instant

petition with prejudice and otherwise deny relief.

Respectfully Submitted,

*/s/ Matthew Caplan*

Matthew Caplan
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon petitioner

by mailing a copy, postage pre-paid, to:

> Lloyd Weysham, DOC # 732020
> Rayburn Correctional Center
> 27268 Highway 21
> Angie, LA 70426

This 13th day of July, 2026, Covington, Louisiana.

*/s/ Matthew Caplan*

Matthew Caplan
Assistant District Attorney
