U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED     Jul 27 2026

CAROL L. MICHEL
CLERK
SP                                    Mail

United States District Court
Eastern District of Louisiana

Lloyd Weysham                           Civil Action
        versus                          NO. 26-CV-0847
Travis Day, Warden                      Section: "P" (5)

_____

Motion To Strike And/Or
Objections To Response To Petition
For Habeas Corpus Relief
_____

NOW INTO COURT, comes and appears, Lloyd Weysham, (hereinafter "petitioner"), with respect, represents and shows:

1.

Petitioner represent himself in the above captioned and numbered cause, with the help of a friend.

2.

Petitioner further represents and shows he received a copy of the States response, on the 21st day of July, 2026 after they were given 2 different extensions to answer.

1 of 7

3.

Petitioner represents and shows that said response, is not worth the paper it is on, and this Honorable Court, should sanction the State of Louisiana, and the Asst. District Attorney, for filing such a groundless, meritless, frivilous, baseless, and moot pleading into this Honorable Court, wasting the Court's precious and valuable time.

4.

Petitioner represents and shows the State of Louisiana, refused to address the merits of petitioner's claims raised within the petitioner, so the State of Louisiana, has conceded and has also admitted to all claims/issues are true and accurate, the only and sole issue the state's raised, was such was untimely, which will be properly addressed.

5.

Petitioner represents and shows at notime whatsoever, did the State Of Louisiana, provide In any discovery, or documents, the grand jury proceedings, or showing the polling of such in open court, and made such part of the record in these proceeds. So the state, can't hide, conceal, neither suppress something from a criminal defendant and his lawyer, then try to say oh such is untimely, when the record never reflected such, period. That is exactly

2 of 7

What has transpired in this instant case, so the state, prohibited the defendant from timely complying with the Deadlines in the AEDPA's one-year period of limitations.

6.

The AEDPA's One-year period of limitations, doesn't apply in a case, where the state acted unlawful, played foul and dirty by suppressing proceedings and documents, and didn't even have any jurisdiction to proceed from the start, being that the Indictment, was not returned into the open court, as required by law, period

7.

Petitioner represents and shows, it wasn't until he hooked up with a friend, by the name of Derrick Jerome Allen #295151, who made a public re-cords request with the clerk of court, and once we was made aware of the fact, the Indictm-ent wasn't returned in open court, neither was they polled, that when we filed litigation into the courts, and made all court filings thereafter timely all the way up to the Louisiana Supreme Court, then in this court, before then, the state had suppressed such, period. Further, the state of Louisiana, has always held that grand jury proceedings were private and secret, which is a systematic scheme in this state.

8.

Petitioner represents and shows that his claim is a jurisdictional issue. Defects in subject matter jurisdiction can never be forfeited or waived, and require correction, regardless of whether error was raised in district court, U.S. v. Cotton, 122 S.Ct. 1781, 535 U.S. 625 (U.S. 2002).

9.

This deficiency by the state is not a mere technical or clerical oversight; it is a jurisdictional defect that renders the conviction and sentence invalid, period.

10.

Petitioner represents and shows if he would have been aware of the fact, that he was not indicted, he would have never plead guilty in this matter. Without a proper and sufficient indictment, the trial court didn't even have jurisdiction to proceed in this matter, and surely couldn't accept any guilty plea in this case. Please see: U.S. v. Osiemi, 980 F.2d 344, 345 (5th Cir. 1993) (defendant may challenge court's jurisdiction for the first time on appeal on ground that the indictment fails to state offense even though defendant pled guilty); U.S. v. Longoria, 259 F.3d 363

(5th Cir. 2001) (defendant may challenge court's jurisdiction for the first time on appeal on ground that the indictment fails to state offense even though defendant plead guilty); U.S. V. White, 258 F.3d 374, 379 (5th Cir. 2001) (defendant able to challenge indictment at any time for failure to state offense).

Surely if the petitioner's indictment, was not returned in open court, he was not indicted at all, period. I don't care how you look at is, such is true, such is accurate, and such happened in this incident. The State was given not one extension to answer, but was given two extensions to answer, and has not come up with any valid answer/response, but such is untimely, which is not true, being the state hide and suppressed such, the defendant/petitioner, should not be held accountable, for actions of bad faith, and failure to disclose by the state officials, period.

## II.

Petitioner represents and shows that the state of Louisiana, is trying to eat its cake and ice-cream both at the very same times. However, the law doesn't works that way, period. It was the state's system-matic scheme to hide and keep the grand jury proceedings secret and hide, so the state has put itself in the posi-

tion it is in at this moment, but is trying to lay blame on a prose litigant.

12.

Petitioner represents this is a exceptional circumstances, and the AEDPA, should not apply in this case. When the AEDPA was adopted and passed, such was did as it was to pretained to lawful actions of the government and state prosecutors, and if the prosecution or government actions prohibited the petitioner from bringing such a claim in a timely manner, the petitioner shouldn't be barred or held at fault.

WHEREFORE, Petitioner Lloyd Weysham, prays that his Motion To Strike And/Or Objections To Response To Petition For Habeas Corpus Relief be granted in its entirety, and such be considered a scandalous pleading, and such be stricken from the record, and not even considered at all, and petitioner be granted the relief he originally requested and prayed for in his Original Petition For Habeas Corpus.

Respectfully Submitted

Lloyd J. Weysham

Petitioner (Pro Se)
Rayburn Corr. Ctr. - Rain-3
27268 Hwy. 21 N.
Angie, La. 70426

6 of 7

## Certificate of Service

I hereby certify that I have forwarded a copy of the foregoing on the the state of Louisiana, via U.S. Mail, properly addressed, with postage pre-paid.

Angie, Louisiana, this 22ND day of July, 2026.

Floyd J. Weysham
Petitioner (prose)

7of7